Argued and submitted April 3, reversed and remanded to trial court May 29, 1985

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## WILLIAM CATO SELLS, JR.,
*Petitioner on Review.*

(10-83-06038; CA A30396; SC S30993)

702 P2d 68

John Daugirda, Deputy Public Defender, Salem, argued the cause for petitioner on review. With him on the memorandum of law and brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the

memorandum of law and brief were Dave Frohnmayer, Attorney General and James E. Mountain, Jr., Solicitor General, Salem.

CARSON, J.

## CARSON, J.

Review was allowed in this case to consider the same issues raised in *State v. Graves,* 299 Or 189, 700 P2d 244 (1985). The issues in *Graves,* and here, are whether an ordinary screwdriver is a burglar's tool within the meaning of the first degree burglary statute and whether the definition of burglar's tools incorporated by reference into the first degree burglary statute is impermissibly vague. The Court of Appeals affirmed defendant's trial court conviction. We reverse and remand to the trial court.

Defendant was indicted for the crime of burglary in the first degree alleged to have been committed when he entered and remained in the Salvation Army Center in Eugene with the intent to commit the crime of theft. The indictment also charged that defendant, "while in the building and while in effecting entry to the building was armed with and used a screwdriver, a burglar's tool."[1]

Defendant demurred to the indictment contending, among other things, that the first degree burglary statute (ORS 164.225(1)(a)) is vague in violation of Article I, sections 20 and 21, of the Oregon Constitution and the Fourteenth Amendment to the United States Constitution.[2] Defendant's

---

[1] ORS 164.225(1)(a) provides:

"A person commits the crime of burglary in the first degree if he violates ORS 164.215 and the building is a dwelling, or if in effecting entry or while in a building or in immediate flight therefrom he:

"Is armed with a burglar's tool as defined in ORS 164.235 or a deadly weapon; * * *"

ORS 164.235(2) provides:

" 'Burglar tool' means an acetylene torch, electric arc, burning bar, thermal lance, oxygen lance or other similar device capable of burning through steel, concrete or other solid material, or nitroglycerine, dynamite, gunpowder or any other explosive, tool, instrument or other article adapted, designed or commonly used for committing or facilitating a forcible entry into premises or theft by a physical taking."

[2] Article I, section 20, of the Oregon Constitution provides:

"No law shall be passed granting to any citizen or class of citizens privileges, or immunities, which, upon the same terms, shall not equally belong to all citizens."

Article I, section 21, of the Oregon Constitution provides:

"No *ex post facto* law * * * shall ever be passed, nor shall any law be passed, the

demurrer was disallowed. Defendant waived a jury trial and was tried before the court on stipulated facts. The trial court found defendant guilty and sentenced him to a 20 year term of imprisonment.

It is apparent that the state charged defendant under ORS 164.221(1)(a), which, by cross-reference, defines first degree burglary as committing second degree burglary while armed with an article "commonly used" for committing or facilitating a forcible entry into premises or theft by a physical taking. The tool in this case, a screwdriver, is not a tool specifically enumerated in ORS 164.235(2), nor was there any claim by the state that the screwdriver was designed or had been adapted for committing or facilitating a forcible entry. Thus, the linchpin for defendant's conviction of first degree burglary necessarily is the statutory phrase "commonly used," which term was examined and struck down in *State v. Graves, supra.*

In *Graves,* we said:

> "We conclude that the phrase 'commonly used' in ORS 164.235(2) does not adequately inform potential defendants, prosecutors, judges or jurors of what conduct will receive enhanced punishment and thereby invites standardless and unequal application of the criminal law. The phrase is impermissibly vague in violation of Article I, sections 20 and 21, of the Oregon Constitution." 299 Or at 197.

In *Graves,* we determined that because the trier of fact necessarily must have found defendant guilty of the crime of burglary in the second degree (a prerequisite for finding guilt on a burglary in the first degree charge) we directed the trial court to enter a judgment of conviction on the necessarily included crime of burglary in the second degree and to impose an appropriate sentence therefor. In this case, however, it appears that the state and defendant entered into an "agreement for disposition" in connection with this case and other charges for related and unrelated crimes by defendant. The

taking effect of which shall be made to depend upon any authority, except as provided in this Constitution; * * *"

Because we decide defendant's vagueness contention in his favor on state constitutional law grounds, we need not consider his claim that the state violates his rights under the federal constitution.

agreement is not a part of the record in this case. Because we are uncertain of the nature of the "agreement" and its effect, if any, upon the ultimate disposition of this case, we remand to the trial court for disposition of this case in conformance with this opinion.[3]

The Court of Appeals is reversed and this case is remanded to the trial court.

---

[3] The transcript of the proceedings discloses that before the trial court ruled on defendant's demurrer, counsel for defendant stated:

"* * * And, of course, since the filing of the demurrer is part of the agreement, no matter what the Court's ruling on that, the rest of the agreement shall stand. In other words, on appeal, if the demurrer were sustained * * * then the underlying charge of Theft [sic] in the Second Degree would still stand and so would the plea agreement."