Argued and submitted June 21, first-degree convictions vacated, remanded for entry of
second-degree convictions July 10, 1985

STATE OF OREGON,
*Respondent,*

*v.*

DANIEL MARK TOVREA,
*Appellant.*

(35032, 35395, 35396, 35397, 35654;
CA *A32064 (Control), A32066, A32067, A32068, A32069)

702 P2d 1150

*The court on its own motion consolidated these cases.

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

PER CURIAM

## PER CURIAM

In these five criminal cases, which we hereby consolidate on our own motion, defendant challenges his convictions, in each case, for burglary in the first degree. He contends that the enhancement of his offenses to burglary in the first degree from burglary in the second degree because he was armed in each case with an alleged "burglar's tool" was impermissible because the burglar's tool statute, ORS 164.235, is unconstitutionally vague. Defendant is correct. *State v. Graves,* 299 Or 189, 700 P2d 244 (1985); *State v. Sells,* 299 Or 198, 702 P2d 68 (1985).

Judgments of conviction for burglary in the first degree vacated; remanded for entry of judgments and sentences for burglary in the second degree.[1]

---

[1] Defendant's separate assignments of error in cases A32066 and A32068 are not well taken.